UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HENNIGHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INSPHERE INSURANCE SOLUTIONS, INC, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-00638-JST<br><br>**ORDER REGARDING INSPHERE'S "JOINT LETTER BRIEF REGARDING SERVICE OF CERTAIN NAMED DEFENDANTS"**<br><br>Re: ECF No. 22 |

During the case management conference held on May 15, 2013, at 2:00 p.m., this Court ordered the parties to meet and confer regarding Defendant Insphere Insurance Solutions, Inc.'s objections regarding service. The Court also invited the parties, should a dispute remain, to file a joint letter brief of no longer than eight pages by no later than May 22, 2013.[1] See ECF No. 20. On that date, Defendant Insphere filed a letter brief, indicating that meet and confer efforts had failed and seeking certain relief from the Court regarding service of process. ECF No. 22. Plaintiff did not join that letter or file his own, nor has he as of the date of this Order. On May 27, 2013, Plaintiff filed an amended complaint pursuant to this Court's Order Granting in Part and Denying in Part Insphere's Motion to Dismiss the original complaint. ECF No. 17.

Insphere's letter brief seeks a finding that Defendants Healthmarkets, Inc., The Blackstone Group, L.P., Goldman Sachs Capital Partners, and DLJ Merchant Banking Partners have not appeared in this action, and that service has not been effected on any of them. Insphere claims

---

[1] It is unclear whether the Court invited the parties to file a joint brief, or ordered them to do so; the minutes of the May 20 hearing say, "Within one week the parties may file a joint letter brief no longer than 8 pages if a dispute remains over service of the complaint." Because the Court concludes that it cannot order the relief Insphere requests in its letter, it is unnecessary to resolve the ambiguity.

Plaintiff failed to serve Healthmarkets and Goldman Sachs, and that he served Blackstone and DLJ with an allegedly defective state summons after this case was removed by Insphere to this Court.

Insphere's request must be denied for two reasons. First, Insphere does not have standing to contest the lack of service on its fellow Defendants.[2] Mantin v. Broad. Music, Inc., 248 F.2d 530, 531 (9th Cir. 1957). Second, the issue is not ripe for decision. Federal Rule of Civil Procedure 4(m) allows 120 days from the filing of the complaint for service of process; in removed cases, the 120-day clock runs from the date of removal. Under Rule 4(m), Plaintiff therefore has until June 13, 2013, to effect service (although the deadline now applies to the amended complaint). Rule 4(m)'s deadline for service of process (of both the original and now amended complaints) is therefore June 13, 2013.

Once the June 13, 2013 deadline arrives, however, the Court has an independent obligation to address the issue of service. Service of process is "an indispensable prerequisite to the court's jurisdiction to proceed." Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir.1967). This Court will be required by Rule 4(m) to dismiss without prejudice, on its own motion, any defendant upon whom service has not been effected, waived, or accomplished via an acceptable substitute by June 13, 2013, absent a showing of good cause.

Nothing in the docket of this action shows that service has been completed as to any Defendant. If Plaintiff intends to assert that service has already been completed, either through state court process or some other form, or to oppose dismissal for insufficient process, the Court hereby ORDERS Plaintiff to either (1) file proofs of service as to each named Defendant by June 13, 2013, or (2) file a motion by that date, accompanied by a memorandum of points and authorities showing either (1) that the Court has acquired jurisdiction over any defendant as to

---

[2] As to itself, Insphere waived any argument it had regarding insufficiency of service when it failed to raise it in its motion to dismiss, filed February 20, 2013. ECF No. 10. Fed. R. Civ. P. 12(h)(1). See Boston Telecommunications Grp., Inc. v. Deloitte Touche Tohmatsu, 249 F. App'x 534, 537 (9th Cir. 2007) ("'A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived.'") (quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1106 (9th Cir. 2000)).

whom a proof of service has not been filed, or (2) that good cause exists for lack of service. The motion shall be no longer than eight pages. Defendant Insphere shall file any opposition by June 20, 2013, or seven days after Plaintiff files his motion, whichever is earlier. Insphere's opposition shall be no longer than eight pages. No reply shall be filed or considered by the Court, and the motion will be deemed to be under submission when the opposition is filed.

The Court may issue an order involuntarily dismissing any defendant as to whom Plaintiff fails to file either a proof of service or a motion by June 13, 2013, as set forth above. Fed. R. Civ. Proc. 41(b).

**IT IS SO ORDERED**.

Dated: May 31, 2013

JON S. TIGAR
United States District Judge